**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       Plaintiff,                      **CIVIL ACTION NO. 10-cv-11280**

    v.                                **DISTRICT JUDGE SEAN F. COX**

**TIMOTHY POWERS,**             **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant,**

    **and**

**RESIDENTIAL SKIRTING**
**PRODUCTS, INC.,**

       **Garnishee-Defendant.**
_____/

**REPORT AND RECOMMENDATION**

       This student loan default case comes before the Court on Plaintiff United States of America's Motion to Compel Answers to Interrogatories and Requests to Produce to Garnishee-Defendant. (Docket no. 30.) Neither Garnishee-Defendant, Residential Skirting Products, Inc., nor Defendant, Timothy Powers (who purportedly is the Resident Agent of Garnishee-Defendant), have responded to Plaintiff's Motion. The Motion has been referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 31.) Because this is a post-judgment matter, the undersigned may only proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

       On October 15, 2018, the undersigned issued a Report and Recommendation, recommending that Plaintiff's Motion to Compel be granted in part and denied in part. (Docket

no. 33.) Specifically, the undersigned recommended that Garnishee-Defendant should be ordered to provide full and complete responses to Plaintiff's Interrogatories and Requests to Produce Documents and that Plaintiff's request for an entry of default should be denied without prejudice. (*Id*. at 5.) The undersigned further recommended that if Plaintiff submitted the proofs of service required by Mich. Comp. Laws § 600.4012(7) to secure an entry of default to the court within fourteen days of the entry of the Report and Recommendation, then Plaintiff's request for an entry of default against Garnishee-Defendant should be granted. (*Id*. at 5-6.)

On October 17, 2018, pursuant to the Report and Recommendation, Plaintiff submitted to the court "documents in support of proofs of service" on Garnishee-Defendant. (Docket no. 34.) The court then recommitted matter to the undersigned on February 15, 2019, for a determination of whether Plaintiff has provided the requisite proofs of service. (Docket no. 35.) The undersigned has reviewed the supplemental documents submitted by Plaintiff and issues this updated Report and Recommendation regarding Plaintiff's Motion.

**I.      RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion to Compel Answers to Interrogatories and Requests to Produce to Garnishee-Defendant (docket no. 30) be **GRANTED IN PART** and **DENIED IN PART** as provided herein.

**II.     REPORT**

On March 31, 2010, Plaintiff filed a Complaint against Defendant alleging that he had defaulted on student loan payments. (Docket no. 1.) A default judgment was entered against Defendant in the amount of $33,282.74, with interest, on April 26, 2010. (Docket no. 7.) On November 7, 2017, upon application of Plaintiff, the court issued a Writ of Continuing Garnishment on Garnishee-Defendant, Residential Skirting Products, Inc. (Docket no. 26.)

2

Garnishee-Defendant filed an answer to the Writ on December 14, 2017, in which it indicated that it "has in its custody, control [sic] property owned by defendant, including earnings which may be non-exempt." (Docket no. 29.) In response to Garnishee-Defendant's Answer and to clarify "Defendant's relationship to Garnishee-Defendant and the status and nature of any property being withheld by Garnishee-Defendant pursuant to the Writ of Continuing Garnishment," Plaintiff served Garnishee-Defendant with interrogatories and requests to produce documents, on December 14, 2017. (Docket no. 30 at 2, 6-11.)

As of March 28, 2018, Plaintiff had not received from Garnishee-Defendant any funds withheld pursuant to the Writ or any responses to its discovery requests. (*See* docket no. 30 at 3, 12.) Plaintiff asserts that it placed Garnishee-Defendant on notice of its failure to transmit withheld funds to Plaintiff by serving a Notice of Failure upon Garnishee-Defendant on March 28, 2018, pursuant to Mich. Comp. Laws § 600.4012(6). (*Id*. at 3, 12.) The Notice also informed Garnishee-Defendant that its responses to Plaintiff's Interrogatories and Requests to Produce Documents were overdue. (*Id*. at 12.) Nevertheless, Plaintiff still did not receive any funds or discovery responses from Garnishee-Defendant. (*Id*. at 3.) Accordingly, Plaintiff filed the instant Motion to Compel Answers to Interrogatories and Requests to Produce to Garnishee-Defendant. (Docket no. 30.) Through this Motion, Plaintiff seeks (1) an order compelling Garnishee-Defendant to respond to Plaintiff's Interrogatories and Requests to Produce; and (2) an entry of default against Garnishee-Defendant for its "failure to sufficiently disclose the assets of Defendant to be withheld and for failure to release withheld funds pursuant to M.C.R. 3.101 and M.C.L. 600.4012." (*Id*. at 3.)

Federal Rule of Civil Procedure 69 governs the execution of judgments. The Rule states:

A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and

3

> in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Rule 69 also allows a party attempting to enforce a judgment to obtain discovery from any person as provided in the Federal Rules of Civil Procedure or the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(2).

In Michigan, post-judgment garnishments are governed by Michigan Court Rule 3.101. Under this Rule, within 14 days after being served with a writ of garnishment, a garnishee must mail or deliver to the court, the plaintiff, and the defendant, a verified disclosure revealing the garnishee's liability to the defendant. MCR 3.101(H). The Rule further provides that within 14 days after service of the garnishee's disclosure, the plaintiff may serve the garnishee with written interrogatories, and the garnishee's answers thereto will become part of the disclosure. MCR 3.101(L). Additionally, subrule (J) requires the garnishee to transmit all withheld funds to the plaintiff or to the court after 28 days from the date the writ was served on the garnishee, unless the garnishee is notified that objections have been filed. MCR 3.101(J)(1).

If a garnishee fails to comply with Michigan Court Rule 3.101, the Rule provides for sanctions. MCR. 3.101(S). For nonperiodic garnishments, "[i]f the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions," and if the garnishee fails to comply with a court order, it may be adjudged in contempt of court. MCR 3.101(S)(1). For periodic garnishments, a garnishee may be subject to default as governed by Michigan Compiled Laws § 600.4012(6)-(10). MCR 3.101(S)(2). Under Mich. Comp. Laws § 600.4012, a plaintiff may request that a default be entered against a garnishee if both of the following apply:

> (a) If the garnishee fails to file a disclosure within 14 days after service of the garnishment or fails to perform any other required act, the plaintiff has served on

4

> the garnishee a notice of failure setting forth the required act or acts that the garnishee has failed to perform.
>
> (b) The garnishee has failed, within 28 days after the date of service of the notice of failure under subdivision (a), to cure the identified failure by mailing to the plaintiff and defendant a disclosure certifying that the garnishee will immediately begin withholding any available funds pursuant to the garnishment as provided by statute or court rule, or has commenced performing any other required act.

Mich. Comp. Laws § 600.4012(6). The plaintiff must attach to a request for entry of a default proof of serving the notice of failure. Mich. Comp. Laws § 600.4012(7). Additionally, the plaintiff must "send a copy of the request for entry of a default by certified mail to the garnishee at the garnishee's principal place of business or registered agent." *Id*.

Here, Garnishee-Defendant Residential Skirting Products, Inc. filed an answer to the Writ of Continuing Garnishment within 14 days of service, but it did not adequately reveal the extent of Garnishee-Defendant's liability to Defendant Powers. Plaintiff therefore served Garnishee-Defendant with a set of Interrogatories and Requests to Produce Documents, but Garnishee-Defendant failed to respond to Plaintiff's discovery requests within the 30 days allotted by Federal Rules of Civil Procedure 33 and 34 or within the 28 days allotted by Michigan Court Rules 2.309 and 2.310. Garnishee-Defendant also failed to transmit all withheld funds to Plaintiff or to the court after 28 days from the date the Writ was served. Essentially, Garnishee-Defendant has failed to comply with the disclosure and payment mandates of Michigan Court Rule 3.101(H), (J), and (L) and is therefore subject to sanctions under subrule (S).

Plaintiff seeks a court order compelling Garnishee-Defendant's discovery responses and an entry of default against Garnishee-Defendant. To secure an entry of default, Plaintiff asserts that it served a Notice of Failure upon Garnishee-Defendant in accordance with Mich. Comp. Laws § 600.4012(6). Plaintiff also asserts that Garnishee-Defendant has not cured the failures identified in the Notice of Failure within 28 days after the date of service of the Notice. Plaintiff, however,

5

did not attach to the instant Motion proof of serving the Notice of Failure upon Garnishee-Defendant or proof of serving the instant Motion upon Garnishee-Defendant via certified mail, both of which are required by Mich. Comp. Laws § 600.4012(7) for an entry of default. Accordingly, the undersigned previously recommended that Plaintiff's Motion be granted with regard to its request for a court order compelling Garnishee-Defendant's discovery responses and denied without prejudice regarding its request for an entry of default against Garnishee-Defendant. (Docket no. 33.) Additionally, the undersigned recommended that if Plaintiff provided the proofs of service required by Mich. Comp. Laws § 600.4012(7) to the court within fourteen days of the entry of the Report and Recommendation, then Plaintiff's request for an entry of default against Garnishee-Defendant should be granted. (*Id*. at 5-6.)

Plaintiff has since submitted to the court "documents in support of proofs of service" on Garnishee-Defendant. (Docket no. 34.) Specifically, Plaintiff submitted copies of (1) Plaintiff's November 27, 2017 letter to Garnishee-Defendant regarding the Writ of Continuing Garnishment and the certified mail return receipt related thereto; (2) Plaintiff's December 14, 2017 letter to Garnishee-Defendant regarding Plaintiff's discovery requests and the envelope in which it was mailed, which was returned to Plaintiff as "unclaimed" and "unable to forward;" and (3) Plaintiff's March 28, 2018 Notice of Failure addressed to Garnishee-Defendant.

As stated above, to secure an entry of default pursuant to Mich. Comp. Laws § 600.4012(7), Plaintiff was required to produce (1) proof of serving the March 28, 2018 Notice of Failure upon Garnishee-Defendant; and (2) proof of serving the instant Motion upon Garnishee-Defendant via certified mail. Plaintiff's October 17, 2018 supplemental document filing does not include these two proofs of service. Thus, Plaintiff has not cured its previous failure to produce these documents. Because there is no evidence that Garnishee-Defendant was properly served with the Notice of

Failure or the instant Motion in accordance with Mich. Comp. Laws § 600.4012(7), Plaintiff's request for entry of a default should be denied.

For the reasons stated above, the undersigned recommends that Plaintiff's Motion to Compel Answers to Interrogatories and Requests to Produce to Garnishee-Defendant (docket no. 30) be **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Garnishee-Defendant should be ordered to provide full and complete responses to Plaintiff's Interrogatories and Requests to Produce Documents, without objection, within twenty-one (21) days. Garnishee-Defendant should also be warned that failure to comply with the court's order may result in sanctions, including contempt of court; and

b. Plaintiff's request for entry of a default should be DENIED without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  March 14, 2019            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record electronically via the court's CM/ECF System; Defendant Timothy Powers via U.S. Mail at 5367 Georgetown Rd., Grand Blanc, MI 48439; and Garnishee-Defendant Residential Skirting Products, Inc. via U.S. Mail at 5367 Georgetown Rd., Grand Blanc, MI 48439, on this date.

Dated:  March 14, 2019            s/ Leanne Hosking
                                  Case Manager